KALISTE J. SALOOM, Jr., Judge Pro Tem.
This appeal questions the correctness of the trial court’s granting of a motion for summary judgment in favor of defendant-appellee, Federal Land Bank of Jackson (hereinafter Land Bank). Plaintiff-appellant is Margie Nell Peloquin Estes (hereinafter Margie), wife of decedent C. Winston Estes.
FACTS
The facts of this case are not in dispute. On May 9, 1972, C. Winston Estes executed a mortgage on his separate property in *921 favor of The Prudential Insurance Co. of America. His wife, Margie, joined in the mortgage solely to waive any homestead exemption rights she might have in the encumbered property. Subsequently, C. Winston Estes died and left to his wife, Margie, by testament dated September 26, 1973, the usufruct over all of his property, both community and separate, including the mortgaged property. He willed an undivided one-fourth interest in naked ownership of all of his property, to each of his four children. A judgment of possession, recognizing the usufruct and naked ownerships, was rendered in accordance with his will on January 27, 1977.
Thereafter, money judgments in favor of the Land Bank were rendered respectively against three of the four children, namely Charlotte Estes Luntsford on May 12,1986, for $620,408.30; Walter Craig Estes on July 17, 1987, for $620,408.30; and Maha-mala Estes Abshire on October 7, 1987, for $742,166.79. The fourth child, Irmaleta Estes Pousson, was not named in any judgment.
On October 27,1987, Prudential filed suit for executory process on the property mortgaged by decedent in 1972 naming as defendants, the usufructuary, Margie, and the four children as naked owners. A judicial sale was conducted and after satisfying the Prudential mortgage debt and costs of the proceedings, there remained a balance of $360,620.12. This balance was paid over to the Land Bank in partial satisfaction of its money judgments against three of the Estes children.
Margie Estes and Irmaleta Estes Pous-son, the fourth Estes child, and the only child not indebted to the Land Bank, filed suit to recover these funds. They then filed a joint motion for summary judgment, Margie seeking recognition of her usufruct over the entire balance of the proceeds, Ms. Pousson asking that the court recognize the wrongful conversion of her one-fourth interest. On September 27, 1990, the trial court denied the motion for summary judgment requested by the usufructuary, but recognized Ms. Pousson’s right to her one-fourth share of the proceeds. Meanwhile, the Land Bank filed a separate motion for summary judgment against Margie, the usufructuary, seeking the rejection of her demands as a matter of law. The trial court subsequently granted summary judgment in favor of the Land Bank. This judgment is the subject of the present appeal. Neither Land Bank nor Margie appealed the trial court judgment insofar as it awarded Ms. Pousson one-fourth of the excess proceeds.
LAW AND ARGUMENT
The sole issue to be considered in this appeal is whether a usufruct, which was subject to a prior superior mortgage, applies to any of the excess proceeds after the superior mortgage has been satisfied by a judicial sale.
As recognized by the trial court, this is a case of first impression under Louisiana law. The trial court found that summary judgment in favor of Land Bank was required by application of LSA-C.C. art. 620 which provides as follows:
Art. 620. Sale of the property or of the usufruct
Usufruct terminates by, the enforcement of a mortgage placed upon the property prior to the creation of the usu-fruct. The usufructuary may have an action against the grantor of the usu-fruct or against the naked owner under the provisions established in the third section of this chapter.
The sale of the property by the naked owner after the usufruct has been created or the enforcement of a mortgage placed upon the property by the naked owner after the creation of the usufruct does not affect the right of the usufruc-tuary.
The judicial sale of the usufruct by creditors of the usufructuary deprives the usufructuary of his enjoyment of the property but does not terminate the usu-fruct.
Acts 1976, No. 103, § 1.
According to the trial court, the enforcement of the superior Prudential mortgage terminated the usufruct in favor of the surviving spouse, thus vesting full owner *922 ship in the children, thereby allowing the Land Bank to receive the remaining proceeds from the judicial sale, as a judgment creditor.
Appellant relies on the second paragraph of LSA-C.C. art. 620 and LSA-C.C. art. 615 which provides:
Art. 615. Change of the form of property
When property subject to usufruct changes form without any act of the usufructuary, the usufruct does not terminate even though the property can no longer serve the use for which it was originally destined.
When property subject to usufruct is converted into money or other property without an act of the usufructuary, as in a case of expropriation of an immovable or liquidation of a corporation, the usu-fruct does not terminate but attaches to the money or other property. Acts 1976, No. 103, § 1.
Appellant contends that the usufruct should terminate only insofar as necessary to satisfy the superior mortgage and that as there remained proceeds after the satisfaction, the usufruct should attach to those proceeds.
Land Bank, on the other hand, contend that this situation is not analogous to the situation contemplated by LSA-C.C. art. 615 in that although the usufructuary did not actively participate in the enforcement of the mortgage, she could have prevented it by advancing the funds necessary to discharge the Prudential debt. See LSA-C.C. art. 590 and 591. By failing to do so, Land Bank argues, she suffered the termination of her usufruct.
We recognize merit in each of these arguments, but believe that this decision must be resolved by reading the laws on usufruct in pari materia. By doing so, we believe that it is clear that LSA-C.C. art. 620 contemplates that the enforcement of a mortgage placed on property prior to the creation of a usufruct terminates the usu-fruct only to the extent necessary to satisfy the mortgage obligation. Should there be any proceeds remaining after the sale, the usufruct attaches to those proceeds.
We find that to interpret the law on usufruct as suggested by Land Bank would lead to an untenable result in that had there been no creditor of the naked owners of the property, upon enforcement of the mortgage, the naked owners would have become full owners of the proceeds. And although the appellant in this case, a universal usufructuary (See LSA-C.C. art. 587), is required to advance funds necessary to pay succession debts or suffer the seizure and sale of the property, she is not personally liable for these debts. LSA-C.C. arts. 589, 590, 591, and 592 and Succession of Weller, 107 La. 466, 31 So. 883 (1902).
Furthermore, the fact that there exists a creditor of the naked owner in this case causes the result to become even more absurd. Allowing the creditor to obtain the excess proceeds by interpreting the first paragraph of LSA-C.C. art. 620 as terminating the usufruct even as to the excess proceeds allows the enforcement of a judicial mortgage placed upon the property against the naked owners after the creation of the usufruct to the prejudice of the usufructuary in direct violation of the last paragraph of LSA-C.C. art. 620. We note that under LSA-C.C. art. 616, when the usufructuary and the naked owner agree to the sale of the property, the usufruct attaches to the proceeds. We see no reason to treat the enforcement of a mortgage any differently.
Therefore, we believe that paragraph one of art. 620 only contemplates complete termination when the enforcement of the superior mortgage exhausts the property and no proceeds remain. When proceeds remain, the most credible interpretation of LSA-C.C. art. 620 and the one that would lead to consistency in the law of usufruct is to read it in pari materia with arts. 615 and 616 as allowing the enforcement of a mortgage to terminate a usufruct only to the extent necessary to satisfy the mortgage obligation; the remaining proceeds are still subject to the usufruct.
This interpretation should cause no prejudice to the naked owner and a fortiori their creditors as they are protected by *923 LSA-C.C. art. 618, by which they may require the usufructuary to invest safely the proceeds.
For the reasons hereinabove assigned, the granting of the summary judgment in favor of the Land Bank is hereby reversed and this case is remanded for further proceedings consistent with this decision. Costs of appeal are to be paid by appellees.
REVERSED AND REMANDED.